# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAHEE ABD RASHEED,<br><br>           Petitioner,<br><br>    v.<br><br>KELLY HARRINGTON, Warden<br><br>           Respondent. | 1:08-cv-01664 YNP [DLB] (HC)<br><br>ORDER DISMISSING GROUND TWO OF THE AMENDED PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. #20] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

On February 8, 1999, Petitioner was sentenced by the San Mateo County Superior Court to an indeterminate term of twenty-five years to life in state prison for grand theft property and burglary in the second degree. Petitioner is currently housed at the Kern Valley State Prison in Delano, California.

On July 15, 2009, Petitioner filed an amended petition for writ of habeas corpus[1] which alleged the following grounds for relief: Ground One, an illegal search and seizure violated Petitioner's Fifth and Fourteenth Amendment rights (Pet. at 5); Ground Two, Petitioner's Fifth Amendment rights were violated when the parole commissioner stepped outside the bounds of 18

---

[1] An amended document replaces the previously-filed document. See Local Rule 15-220.

U.S.C. § 4206(c)[2] by setting Petitioner's parole eligibility date so far in the future that it would never allow Petitioner to be paroled (Id.); and Ground Three, Petitioner's Fifth and Fourteenth Amendment rights were violated when the prosecutor withheld evidence favorable to Petitioner. (Pet. at 6).

## LEGAL STANDARD

The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In Ground Two of the amended petition, Petitioner complains that he is being held in violation of 18 U.S.C. §4206(c).  18 U.S.C. § 4206(c) give the United States Parole Commission the ability to extend a prisoner's incarceration beyond the sentencing guideline range for good cause. Title 18 of the U.S. Code only deals with federal crimes and criminal procedure; Petitioner is a state prisoner; therefore, 18 U.S.C. § 4206 is not applicable.  If the law is not applicable to Petitioner then

---

[2] 18 U.S.C. § 4206 (repealed by Pub.L. 98-473, Title II, § 235, Oct. 12, 1984, 98 Stat. 2031; repeal to take effect on Nov. 1, 1987.  Effective date of repeal extended to twenty-four years after Nov. 1, 1987 by Pub.L. 110-312, §2, Aug. 12, 2008 122 Stat. 3013.) (applicable only to those convictions that took place before the original date of repeal.)

1  he cannot be in custody in violation of that law and is not entitled to habeas relief.

2        Ground Two of the amended petition also claims that the state subjected Petitioner to an
3  illegal search and seizure.  Petitioner does not say who perpetrated this search and seizure nor
4  whether this act took place during his confinement or during the investigation of the crimes for
5  which he was convicted. Due to the complete lack of any supporting facts regarding this alleged
6  incident, the search an seizure component of Ground Two is not cognizable.

## CONCLUSION

8        Ground Two of the amended petition for writ of habeas corpus must be dismissed for failure
9  to raise a cognizable claim. In light of the fact that Petitioner has filed at least ten previous petitions
10  for writ of habeas corpus, the Court denies Petitioner leave to amend Ground Two.

## ORDER

12        Accordingly, it is hereby ordered that Ground Two of the petition is DISMISSED and
13  Petitioner is DENIED leave to amend the petition.

15     IT IS SO ORDERED.

16    **Dated:**   **September 23, 2009**                  **/s/ Dennis L. Beck**
                                                                             UNITED STATES MAGISTRATE JUDGE