1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                      EASTERN DISTRICT OF CALIFORNIA

8
   TAHEE ABD RASHEED,                    )    1:08-cv-01664 YNP [DLB] (HC)
9                                        )
                    Petitioner,          )    ORDER TRANSFERRING CASE TO
10                                       )    UNITED STATES DISTRICT COURT FOR
          v.                             )    THE NORTHERN DISTRICT OF
11                                       )    CALIFORNIA
                                         )
12   KELLY HARRINGTON, Warden            )
                                         )
13                  Respondent.          )
     _____)
14

15         Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

16   pursuant to 28 U.S.C. § 2254.

17                                **BACKGROUND**

18         On July 15, 2009, Petitioner filed an amended petition for writ of habeas corpus[1] which

19   alleged the following grounds for relief: Ground One, an illegal search and seizure violated

20   Petitioner's Fifth and Fourteenth Amendment rights (Pet. at 5); Ground Two, Petitioner's Fifth

21   Amendment rights were violated when the parole commissioner stepped outside the bounds of 18

22   U.S.C. § 4206(c)[2] by setting Petitioner's parole eligibility date so far in the future that it would never

23   allow Petitioner to be paroled (Id.); and Ground Three, Petitioner's Fifth and Fourteenth Amendment

24   rights were violated when the prosecutor withheld evidence favorable to Petitioner. (Pet. at 6).

25   _____

26         [1] An amended document replaces the previously-filed document.  See Local Rule 15-220.

27         [2] 18 U.S.C. § 4206 (repealed by Pub.L. 98-473, Title II, § 235, Oct. 12, 1984, 98 Stat. 2031;
     repeal to take effect on Nov. 1, 1987.  Effective date of repeal extended to twenty-four years after Nov.
28   1, 1987 by Pub.L. 110-312, §2, Aug. 12, 2008 122 Stat. 3013.) (applicable only to those convictions that
     took place before the original date of repeal.)

1    Venue for a habeas action is proper in either the district of confinement or the district of

2    conviction.  28 U.S.C. A. § 2241 (d).  However, it is preferable for petitions challenging a conviction

3    or sentence to be heard in the district of conviction while petitions challenging the manner in which

4    the sentence is being executed be heard in the district of confinement.  Dunne v. Henman, 875 F.2d

5    244, 249 (9th Cir. 1989).

6    Ground Two of the amended petition challenges Petitioner's parole date, which deals with

7    the manner in which his sentence is being executed; therefore, the claim should be heard in the

8    district of confinement.  Petitioner is confined at Kern Valley State Prison, which is in the Eastern

9    District of California and under this Court's jurisdiction.  This Court issued an order dismissing

10   Ground Two on September 24, 2009, for failure to state a cognizable claim.  (Doc. #22).

11   After Ground Two was dismissed, only Grounds One and Three remain, both of which

12   challenge the underlying conviction from San Mateo County.  San Mateo County is in the Northern

13   District of California; therefore, the petition should be filed in the United States District Court for the

14   Northern District of California.  In the interest of justice, a federal court may transfer a case filed in

15   the wrong district to the correct district.  See 28 U.S.C. § 1406(a);  Starnes v. McGuire, 512 F.2d

16   918, 932 (D.C. Cir. 1974).

17   Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States

18   District Court for the Northern District of California.

19   IT IS SO ORDERED.

20   **Dated:   September 25, 2009**          **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

U.S. District Court
E. D. California                                    2